Renee M. Finch (NSBN 13118)
MESSNER REEVES LLP
8945 W. Russell Road, Suite 300
Las Vegas, Nevada 89148
Phone: (702) 363-5100
Email: rfinch@messner.com

Harry L. Manion, III (admitted *pro hac vice*)
Michael S. Levine (admitted *pro hac vice*)
Christopher Cunio (admitted *pro hac vice*)
Kevin V. Small (admitted *pro hac vice*)
Rachel E. Hudgins (*pro hac vice pending*)
HUNTON ANDREWS KURTH LLP
Email: hmanion@huntonak.com
Email: ccunio@huntonak.com
Email: mlevine@huntonak.com
Email: ksmall@huntonak.com
Email: rhudgins@huntonak.com

*Attorneys for Plaintiff, Circus Circus, LV, LP*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRCUS CIRCUS LV, LP,<br><br>Plaintiff,<br><br>v.<br><br>AIG SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: 2:20-CV-01240-JAD-NJK<br><br>**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiff Circus Circus LV, LP, and Defendant AIG Specialty Insurance Company (collectively, the "Parties") through their counsel of record, that:

**GOOD CAUSE STATEMENT**

The allegations in the pleadings in this action contemplate that during the course of litigation, certain proprietary, confidential, and/or trade secret information may be disclosed. In connection with the discovery in this action, the Parties and certain third-party witnesses may produce documents, electronically stored information and materials that contain such information. Absent a protective

order, production of certain documents and information may cause prejudice or harm if made publicly available.

**PURPOSES AND LIMITATIONS**

The purpose of this Stipulated Protective Order is to provide a means for limiting access to, and the use and disclosure of, protected documents and information that are produced in this action. Accordingly, the **Parties** hereto stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order" or "Stipulated Protective Order"). The **Parties** acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The **Parties** further acknowledge that any **Party** seeking to seal Documents filed with the Court shall be required to comply with Local Rule IA 10-5 concerning Sealed Documents.

**DEFINITIONS**

A.  Information, Records, Documents or testimony designated as "**Confidential**" or "**Confidential Information**" or "**Confidential Material**," shall be fully protected by the terms of this Order. All portions of transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth Documents, information, or other materials, or contents thereof, which have been previously designated as **Confidential**, shall likewise be subject to the terms of this Order.

B.  "**Communicate**" (or variants) means to disclose, show, give, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, photograph, electronic, digital or any other duplication or distribution method;

C. "**Copy**" or "**Copies**" means reproductions made through any process, including but not limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm, dictation, or mechanical, visual, digital or electronic duplication which in any way attempts to produce the substance, form, or content of information;

D. "**Designating Party**" shall mean any **Party** or **Non-Party** who designates any material or information under this Stipulated Protective Order as **Confidential**.

E. "**Document**" or "**Documents**" includes all written, recorded, digital, electronic or graphic material, whether produced or created by a **Party**, **Non-Party**, or another person and whether produced pursuant to formal or informal discovery, pursuant to subpoena, by agreement or otherwise, and includes both those items of a tangible nature and any digital or computer files;

F. "**Party**" means any person or entity named in this litigation, including affiliates, subsidiaries, or parent companies thereof;

G. "**Person**" means any natural person, or any legal or business entity, profit or nonprofit organizations, or any governmental agency;

H. "**Producing Party**" means the Party who produced **Confidential Material**, **Documents**, or **Information**;

I. "**Conclusion of this litigation**" shall be deemed to be the entry of final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law or a dismissal following settlement.

J. "**Professional Vendors**" include Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

K. "**Non-Party**" means any person or entity not named in this litigation.

L. "**Receiving Party**" means the party who receives **Confidential Material, Documents,** or **Information**.

M. "**Requesting Party**" means the party that issued the discovery request that caused the **Producing Party** to produce **Confidential Material, Documents,** or **Information**.

**RESTRICTIONS**

1. During the course of litigation, any **Party** may seek to have discovery material classified as "**Confidential**." **Confidential Material** includes, but is not limited to: (a) a trade secret; (b) sensitive marketing, merchandising, corporate, or financial information; (c) private information regarding the **Parties**, affiliated entities, or a third party; (d) personnel records; or (e) any **Document** subject to a confidentiality agreement. **Confidential Material** may be designated by any **Party** as being subject to the provisions of this Stipulated Protective Order. Any **Party** or **Non-Party** ("**Designating Party**") may designate as **Confidential** any material if the **Party** or **Non-Party** in good faith believes that it contains **Confidential** commercial, financial, proprietary, or personal information. Such designation shall be made in good faith and with legitimate grounds when made. Failure to designate in this manner is sanctionable by the court.

2. **Confidential Documents** and the information contained therein shall be used by the **Parties** and those **Persons** identified in Paragraph 5 (**Covered Persons**) only for the purpose of the prosecution or defense of this captioned action, and shall not be **Communicated** in any manner to anyone other than those **Covered Persons** identified in Paragraph 5, without order of the Court. Each and every **Confidential Document** produced (including **Copies,** excerpts, digests, summaries or

4

indices thereof) by a **Party** or **Non-Party** shall be clearly marked and identified with the following legend, or one substantially similar:

> **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**
> **U.S.D.C. D. NEV. Case No. 2:20-CV-01240-JAD-NJK**

In the event any **Party or Non-Party** creates a computer database, disk, compact disk, drive, digital or other electronic record containing **Confidential Documents** or information, the **Party or Non-Party** creating such an electronic record shall mark the database, disk, case or envelope containing the material with the language contained in this Paragraph 3. **Documents** printed from such electronic media shall be marked the same as **Documents** originally produced on paper.

If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the **Designating Party's** right to secure protection under this Order for such material. Upon correction of a designation, the **Receiving Party** must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

If it comes to a **Designating Party's** attention that information or items that it designated for protection do not qualify for protection, that **Designating Party** must promptly notify all other **Parties** that it is withdrawing the mistaken designation.

5. **Confidential Documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** in any way except to a "**Covered Person**." **Covered Persons** are defined as follows:

   a. The Court or Courts in which this litigation is being pursued;

   b. The **Party** including their respective officers, directors and managing employees, and/or a **Person** employed by a corporate **Party** who is participating in the prosecution and/or defense of this litigation and the preparation of this case;

        c.      Any past employee of any named **Party** to this litigation whose access to Confidential Information is necessary for the purposes of this litigation, and who has signed Exhibit A.  In the event the past employee will not agree to sign an Exhibit A, the past employee cannot be given actual possession of the Confidential Documents;

        d.      The attorneys of record for the **Parties** and their associated attorneys, including in-house attorneys in charge of monitoring this litigation and the employees of any such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

        e.      Independent consultants, or other independent experts retained by a **Party** or an attorney of record to assist in the preparation of this litigation, and who have signed Exhibit A;

        f.      Court reporters and their staff, professional jury or trial consultants, mock jurors, mediators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

        g.      Individuals who have been identified by either party as witnesses or potential witnesses, or as possessing relevant knowledge, based on a good faith belief that disclosure to such witnesses will aid in the prosecution or defense of any claims or defenses in this action.  Witnesses who are given possession of confidential documents, and who do not otherwise fall within any provision of this Paragraph 5, must sign an Exhibit A.  In the event the witness will not agree to sign an Exhibit A, the witness cannot be given actual possession of the Confidential Documents; and

        h.      Jurors in this action, with respect to any claims triable to a jury.

    6.      With respect to deposition testimony relating to or discussing a **Party's Confidential Information**, the Designating Party may identify on the record any testimony it believes contains Confidential Information.  Following such a designation, the identified testimony shall

correspondingly be considered **Confidential Material**, including any deposition exhibits containing **Confidential Material**, and the transcript of any such depositions shall be stamped "CONFIDENTIAL." The court reporter and videographer, if any, for any such deposition, shall be provided a copy of this Order, shall acknowledge this Order on the record and shall not disclose to anyone any deposition testimony or exhibit in this case, other than those specified in Paragraph 5 for **Confidential Material**, provided, however, that the failure of the court reporter or videographer to acknowledge this Order on the record shall not in any way limit this Order's application. The Designating Party must appropriately designate the portions of any transcripts of depositions that contain **Confidential Material** after transcription as in the case of any other documents or information, by providing notice of such designation to the other party within fourteen (14) days after receipt of the transcript. Such designations shall be made by page and line references. During the fourteen (14) day period following receipt of the transcript, the transcript and any exhibits shall be considered **Confidential Material**.

    8.  Except as otherwise permitted under Paragraph 5, **Confidential Documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** to anyone other than the attorneys of record for a **Party** without first informing that other person of the contents of this Order. In the case of **Persons** specified in 5(c), 5(e), and/or 5(g) herein above, counsel shall obtain from such **Person** a signed acknowledgment, in the form attached hereto as Exhibit A. Counsel making such disclosure shall retain the original acknowledgment (Exhibit A).

    9.  Any **Party** may challenge a **Confidential** designation at any time.

     a.  Unless a prompt challenge to a **Designating Party's Confidential** designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or significant disruption or delay of the litigation, a **Party** does not waive its right to challenge a

**Confidential** designation by electing not to mount a challenge promptly after the original designation is disclosed. However, the **Parties** agree that all challenges to a **Designating Party's Confidential** designations of materials produced in this litigation, including transcripts and productions from non-parties, must be communicated to the Court no later than the expert discovery cut-off deadline in the case management schedule ordered in this action.

        b.      The **Party** challenging a **Confidential** designation (the "**Challenging Party**") shall initiate the dispute resolution process by providing written notice of each designation it is challenging whereupon the **Designating Party** must set forth the basis of the **Confidential** designation within seven (7) days. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to **Confidential** designation(s) is being made. The Parties shall attempt to resolve each challenge in good faith and must begin this process by conferring directly (in voice-to-voice dialog; other forms of communications are not sufficient) within seven (7) days of the date of service of the initial notice. In conferring, the **Designating Party** must explain the basis for its belief that the **Confidential** designation was proper whereupon the **Challenging Party** must explain the basis for any challenge to the designation. After having an opportunity to review the challenge and the designated material, the **Designating Party** must either withdraw or maintain the designation.

        c. If an informal resolution cannot be reached, it shall be the burden of the **Challenging Party** to seek any appropriate relief under LR 26-6 within seven (7) days of a declaration of impasse by the **Challenging Party**. All **Parties** shall continue to afford the material in question the level of protection to which it is entitled under the **Designating Party's** designation while any challenge or subsequent motion is pending. The burden of persuasion in any such proceeding shall be on the **Designating Party**. All **Parties** agree to abide by the resolution determined

by the Court. A failure by Challenging **Party** to seek appropriate relief under LR 26-6 within the prescribed 7-day period above time period shall result in a waiver of that **Party's** right to challenge the confidentiality, absent new information which bears on the confidentiality of the documents.

10. All writings submitted to or filed with the Court in connection with any pre-trial proceedings which contain, set forth, summarize or otherwise disclose **Confidential Documents** shall be filed under seal and such **Documents** shall not be publicly available, except by further order of this Court.

11. The **Parties** acknowledge Local Rule IA 10-5 governs the filing of **Documents** under seal. If the sole ground for a motion to seal under Local Rule 10-5 is that the opposing party (or non-party) has designated a document as subject to protection pursuant to the stipulated protective order, the movant must notify the opposing party (or non-party) at least seven days prior to filing the designated document. The designating party must then make a good faith determination if the relevant standard for sealing is met. To the extent the designating party does not believe the relevant standard for sealing can be met, it shall indicate that the document may be filed publicly no later than four days after receiving notice of the intended filing. To the extent the designating party believes the relevant standard for sealing can be met, it shall provide a declaration supporting that assertion no later than four days after receiving notice of the intended filing. The filing party shall then attach that declaration to its motion to seal the designated material. If the designating party fails to provide such a declaration in support of the motion to seal, the filing party shall file a motion to seal so indicating and the Court may order the document filed in the public record.[1]

---

[1] In the event of an emergency motion, the above procedures shall not apply. Instead, the movant shall file a motion to seal and the designating party shall file a declaration in support of that motion to seal within three days of its filing. If the designating party fails to timely file such a declaration, the Court may order the document filed in the public record.

12. At the trial of this cause, the **Parties** agree that the protection of the confidentiality of **Confidential Documents** shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

13. If any **Party** or **Person** that has obtained **Confidential Documents** under the terms of this Order receives a subpoena or other legal process commanding the production of any such **Confidential Documents** ("the Subpoena"), such **Party** or **Person** shall promptly notify the **Designating Party** of the service of the Subpoena. The **Party** or **Person** receiving the Subpoena shall not produce any **Confidential Document** in response to the Subpoena without either the prior written consent of the **Producing Party**, or an order of a court of competent jurisdiction. However, the **Producing Party** in such case shall have the burden of seeking a court order relieving the subpoenaed **Party** or **Person** of the obligations of the Subpoena prior to the return date of such Subpoena, or the subpoenaed **Person** or **Party** shall be relieved of its obligations under this paragraph.

14. The inadvertent production in the course of discovery in this action of any **Document** or information (whether designated as **Confidential** or not) shall not be deemed to waive whatever attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the **Document** or information produced or to other **Documents** or information, as long as the **Producing Party** or **Person**, promptly after discovery of the inadvertent production, notifies the other **Party** or **Parties** of the claim of privilege or other protection or immunity. When a **Producing Party** gives notice to **Receiving Parties** that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the **Receiving Parties** are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in any e-discovery order that provides for production without

prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the **Parties** reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the **Parties** may incorporate their agreement in this Order submitted to the Court.

15. The terms of this Order are applicable to information produced by a **Non-Party** in this action and designated as **Confidential**. Such information produced by **Non-Parties** in connection with this litigation is protected by the remedies and relief provided by this Order, and shall not be **Communicated** in any manner to anyone other than those **Persons** identified in Paragraph 5 for **Confidential Documents** without order of the Court after due notice to the **Non-Party**. Nothing in these provisions should be construed as prohibiting a **Non-Party** from seeking additional protections.

16. In the event that a **Producing Party** is required, by a valid discovery request which complies with Federal Rule of Civil Procedure 26(b) from a **Requesting Party**, to produce a **Non-Party**'s confidential information in its possession, the parties acknowledge that the **Producing Party** may be subject to an agreement with the **Non-Party** to not produce the **Non-Party**'s confidential information entered before this action commenced, and/or other legal requirement governing production of the Non-Party's information.  This Order does not alter such existing contractual or legal obligations.  The parties agree to meet and confer in good faith to attempt to find solutions that address discovery of documents necessary for the prosecution or defense of this litigation in a manner that is consistent with the parties' existing obligations to any Non-Party.  With respect to any valid discovery request with complies with Federal Rule of Civil Procedure 26(b), the **Producing Party** agrees to provide the **Requesting Party** with a copy of the relevant agreement that inhibits its ability to produce the requested information as part of the meet and confer process to the extent the **Producing Party** is not precluded from doing so under the terms of the relevant agreement.

17. If a **Receiving Party** learns that, by inadvertence or otherwise, it has disclosed **Confidential Documents** to any person or in any circumstances not authorized under this Stipulated Protective Order, the **Receiving Party** must as soon as practicable: (a) notify in writing the **Designating Party** of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A."

18. The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a **Receiving Party** or becomes part of the public domain after its disclosure to a **Receiving Party** as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the **Receiving Party** prior to the disclosure or obtained by the **Receiving Party** after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the **Designating Party;** and (c) a **Party's** use of its own **Confidential Documents** and information.

19. Upon request from the Producing Party made within ten (10) days after the **Conclusion of this litigation**, unless the Court orders otherwise, Counsel for any **Party** who receives **Confidential Documents** from the other **Party** shall notify in writing Counsel for the other **Party** of the total number of Exhibit A's Counsel caused to be executed pursuant to Paragraphs 5(c), 5(e), and/or 5(g). Such notification must be provided within 10 days of the Producing Party's request.

20. After the **Conclusion of this litigation**, and unless the Court orders otherwise, the **Confidential Documents** received by any **Covered Persons** shall not be used for any purpose and

shall be subject to the **Covered Persons'** standard document destruction procedure or, if no such procedure exists, such **Confidential Documents** shall be destroyed within thirty (30) days.

21. Nothing in this Order shall limit or otherwise affect:

    a. the rights of any **Party** to object to any further production or use at trial of **Confidential Documents** or the information contained therein; or

    b. the rights of any **Party** to seek a more restrictive treatment of highly **Confidential Information**.

22. At the **Conclusion of this litigation,** the Court shall retain jurisdiction in the case for enforcement of this Order.

24. By their signature upon the stipulation for the entry of this Order and their signatures below, counsel for the **Parties** signify their understanding of this Order and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to and distribution of **Copies** of **Confidential Information** and to take reasonable steps to ensure the destruction of **Documents** at the **Conclusion of this litigation** consistent with Paragraph 20 above. Nothing in this Stipulation shall restrict the right of counsel to any **Party** in this litigation to retain copies of all pleadings and work files generated in the course of this litigation, including after the **Conclusion of this litigation**.

25. Designation of a **Document** as "**Confidential**" as defined in Paragraph 1 shall not waive the rights of any **Party** to argue, in Court hearings or trial for the above captioned matter, that the **Document** designated as **Confidential** is not legally **Confidential** and/or a trade secret. Unless the parties agree otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose. Nothing in this Protective Order shall

operate as an admission that any particular document or item of information is, or is not, admissible in evidence at the trial of this action.

DATED: this 9th day of December, 2020.

MESSNER REEVES, LLP

/s/ *Renee M. Finch*
Renee M. Finch
8945 W. Russell Road, Suite 300
Las Vegas, NV 89148
rfinch@messner.com

Harry L. Manion, III
Michael S. Levine
Christopher Cunio
Rachel E. Hudgins
Kevin V. Small
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
hmanion@huntonak.com
ccunio@huntonak.com
mlevine@huntonak.com
ksmall@huntonak.com

*Attorneys for Plaintiff, Circus, LV, LP*

DATED this 9th day of December, 2020

DENTONS US LLP

/s/ *Erin E. Bradham*
Erin E. Bradham
2398 East Camelback Road, Suite 850
Phoenix, Arizona 85016
Telephone: (602) 508-3900
erin.bradham@dentons.com
(admitted *pro hac vice*)

Keith Moskowitz
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: (312) 876-8000
keith.moskowitz@dentons.com
(admitted *pro hac vice*)

Kristen T. Gallagher (NSBN 9561)
MCDONALD CARANO LLP
2300 West Sahara Avenue, Suite 1200
Las Vegas, Nevada 89102
Telephone: (702) 873-4100
kgallagher@mcdonaldcarano.com

*Attorneys for Defendant AIG Specialty Insurance Company*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CIRCUS CIRCUS LV, LP,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>AIG SPECIALTY INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | CASE NO.:  2:20-CV-01240-JAD-NJK<br><br>**EXHIBIT A TO STIPULATION FOR PROTECTIVE ORDER** |

The undersigned states subject to the penalties for perjury:

　　　　1.　　I have been furnished a copy of the Protective Order entered in this case restricting the use of **Confidential** information.

　　　　2.　　I promise to abide by the Protective Order with respect to **Confidential** documents and information furnished to me in this litigation.

　　　　3.　　I recognize that abiding by the Protective Order in this litigation mandates that any and all **Confidential** information, documents or material be used only for the purpose of the prosecution or defense of this captioned action, and that use of such **Confidential** information, documents or material for any other purposes or in any other contexts might subject me to liability to the **Producing Party** and/or others.

　　　　4.　　As a condition to receipt of documents marked **Confidential** in this litigation, I consent to personal jurisdiction over me in the United States District Court, District of Nevada, solely for the purpose of enforcing the Protective Order.

Dated: _____, 20___　　Signed: _____

Print Name:_____

Street Address, City , State, Zip Code:_____